UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW J. EATON                                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 3:18-CV-783-DPJ-FKB

GUIDEONE AMERICA INSURANCE                                               DEFENDANT
COMPANY

ORDER

On November 4, 2019, the Court granted Defendant GuideOne America Insurance Company's ("GuideOne") motion to dismiss and dismissed Plaintiff Andrew Eaton's complaint in its entirety. *See* Order [43]. Eaton then filed a motion for reconsideration, arguing that the Court overlooked claims related to his deferred-compensation benefits. For the following reasons, Eaton's motion for reconsideration [45] is denied.

I.      Background

During Eaton's employment, GuideOne offered its agents the opportunity to participate in a deferred-compensation plan in which agents could choose to have some of their monthly commissions withheld from their pay checks and receive that amount later. Pl.'s Compl. [26-1] ¶ 26. If agents chose to defer part of their compensation, then the tax on that income would also be deferred. *Id.* ¶ 27.

When Eaton was given the choice to keep either his book of business or his vested benefits, GuideOne also allegedly eliminated, prospectively, the deferred-compensation program. *Id.* ¶ 30. Eaton alleges GuideOne later decided that "it was no longer going to be the administrator for [Eaton's] deferred compensation plan and, as a result, immediate mandatory withdrawals from his deferred compensation plan would begin . . . and continue over the next five (5) years." *Id.* ¶ 32. Eaton says GuideOne's decision resulted in him "paying significantly

more in annual income taxes due to his present income being greater than it would be during his retirement and also it has otherwise resulted in an impairment of his investment in the deferred compensation plan." *Id.* ¶ 33.

According to Eaton, "GuideOne's actions in forcing [him] to withdraw sums from his deferred compensation plan was a unilateral deprivation and conversion of [his] right to the amounts in his deferred compensation plan[.]" *Id.* ¶ 50. In addition to a conversion claim, Eaton now says that he alleged an unjust-enrichment claim in relation to his deferred-compensation plan. Pl.'s Mem. [46] at 6. GuideOne filed a response to the reconsideration motion, but Eaton did not reply, and the time to do so has how passed.

II.     Standard

"'[M]otions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure.'" *Barnes v. Corrs. Corp. of Am.*, No. 5:09-CV-178-MTP 2010 WL 3002002, at *1 (S.D Miss. July 27, 2010) (quoting *McDonald v. Entergy Operations, Inc.*, No. 5:03-CV-241BN, 2005 WL 1528611, at *1 (S.D. Miss. May 31, 2005)). "There are only three grounds for which this court may grant a motion for reconsideration: '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.'" *Id.* (quoting *W.C. Bulley v. Fidelity Fin. Servs. of Miss., Inc.*, No. 3:99-CV-522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000)). "If one of these three grounds is not present, the court must deny the motion." *Id.*

III.    Analysis

Eaton says the dismissal of his entire complaint "forecloses his ability to recover damages for the adverse tax consequences and equates to . . . manifest injustice." Pl.'s Mem. [46] at 6. He argues that the complaint "specifically asserted that the Defendant's acts and/or

omissions toward the deferred compensation plan were an act of wrongful conversion" and "generally stated that such acts of the Defendant toward the deferred compensation plan resulted in unjust enrichment to the Defendant." *Id.* Alternatively, Eaton asks that he be allowed to amend his complaint if the Court finds that he "may not have necessarily alleged the proper cause of action for recovery on the deferred compensation claim[.]" *Id.* at 6–7.

Eaton should have raised these issues before the Court entered judgment. In its motion to dismiss, GuideOne sought dismissal of "Plaintiff's *Complaint* under Fed. R. Civ. P. 12(b)(6)[.]" Def.'s Mot. [22] at 1 (emphasis added). Its motion was not limited to Eaton's vested-benefits claims, even though its arguments may have been. Yet Eaton never suggested in his response that other viable claims remained, including the purported deferred-compensation claims. Indeed, the term "deferred compensation" never appears in his response or his supporting memorandum, thus giving the Court no reason to address those issues. Reconsideration under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted).

Moreover, Eaton has not demonstrated any "manifest injustice." He did not state a plausible conversion claim because he did not allege that GuideOne was in "wrongful possession" of his deferred compensation or exercised dominion or control over any assets related to his deferred compensation. *Covington Cty. Bank v. Magee*, 177 So. 3d 826, 829 (Miss. 2015). Quite the opposite—Eaton complains about GuideOne *giving* him his deferred compensation. *See* Pl.'s Compl. [26-1] ¶ 32.

Assuming Eaton actually pleaded unjust enrichment as to the deferred compensation— which is not apparent—that claim would fail for the same reason as the conversion claim. *See*

3

*Powell v. Campbell*, 912 So. 2d 978, 982 (Miss. 2005) ("Unjust enrichment only applies to situations where . . . 'the [defendant] is in possession of money or property which in good conscience and justice he should not retain but should deliver to another.'").[1]

Finally, Eaton's request for leave to amend is foreclosed by binding Fifth Circuit authority.[2] In *Whitaker v. City of Houston*, the Fifth Circuit adopted a bright-line rule regarding post-judgment motions to amend. 963 F.2d 831, 836 (5th Cir. 1992). Where—as here—the district court dismisses the case and enters a Rule 58 judgment, "amendment of the complaint is no longer possible." *Id.*; *see also Canterbury Joint Venture v. Prudential Ins. Co. of Am.*, Case No. 95-31103, 1996 WL 595717, at *4 (5th Cir. Sept. 27, 1996) (same). Eaton's request for leave to amend is denied.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Eaton's motion for reconsideration [45] is denied.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2020.

              s/ *Daniel P. Jordan III*
              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] GuideOne lists other dispositive issues regarding these claims, to which Eaton offered no response. Those arguments likewise seem correct. But given the other shortcomings in Eaton's claims and the absence of any analysis or authority from him, the Court will not independently research the strength of GuideOne's arguments.

[2] It also faces the other procedural issues observed in GuideOne's response.